## Gimbel Petition

*Howard Wallner*, for petitioner.

*Lee B. Sacks*, for respondent.

DOTY, J., December 7, 1964.—This matter is presently before the court for consideration of a petition filed by Ann Barbara Gimbel to change her name to Ann Barbara Gimbel Konialian. The requirements of the Act of April 18, 1923, P. L. 75, 54 PS §1, et seq., as amended, have been complied with.

After a hearing and careful consideration of the record and the applicable law, we are of the opinion that the petition should be granted.

Petitioner is single and 25 years of age. She filed this petition alleging that she has been using the name of Ann Barbara Gimbel Konialian, and has come to be known by that name.

An answer was filed by Khacheek Konialian in which he denied that petitioner has ever been known by the surname of Konialian. He also averred that he was named defendant in a paternity suit in which petitioner was the complainant and which resulted in a finding of paternity of child against him. He therefore averred that petitioner sought to change her name without the benefit of marriage.

Thereupon petitioner filed an affidavit in support of her petition in which she averred that: she is the mother of a minor child who was given the name at birth of Ara Alexander Gimbel; at the time of the child's birth petitioner was and still is unmarried; on August 25, 1964, Judge Stout of the Philadelphia County Court, in an action brought by petitioner against respondent, made a finding of paternity against respondent; petitioner and her child have used

the name of Konialian and have been known by that name; and petitioner has opened a savings account in the First Pennsylvania Banking and Trust Company with the sole designation of Ann Barbara Gimbel Konialian, in trust for Ara Alexander Konialian.

It is well settled that under the act referred to above the name of any person may be changed "If the court be satisfied after said hearing that there is no lawful objection to the granting of the prayer of said petitioner." In cases such as this one the court has wide discretion to grant or refuse the petition, and it should exercise that discretion in such a way as to comport with good sense, common decency and fairness to all concerned and to the public: Falcucci Name Case, 355 Pa. 588 (1947); Rothstein Petition, 28 D. & C. 2d 665 (1962).

In this case it appears, indeed it has been admitted, that respondent has been adjudicated the father of petitioner's child. In fairness and decency petitioner should be permitted to change her name so that the child can bear his father's name. It comes with poor grace for respondent to deny his own child that right. The public will not be harmed if this petition is granted. No lawful and valid reason has been advanced against the granting of this petition.

Accordingly, and for the foregoing reason, the court grants the petition and will enter an appropriate decree.